```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,           :
                                    :    99 Cr. 997 (JFK)
                                    :    MEMORANDUM OPINION & ORDER
          -against-                 :
                                    :
MARTIN ARMSTRONG,                   :
                                    :
          Defendant.                :
------------------------------------X
```

**JOHN F. KEENAN, United States District Judge**

By letter dated July 20, 2006, Mr. David Cooper, counsel for the Defendant Martin Armstrong, requested authorization to retain the services of "securities law expert Thomas Sjoblom, Esq., to advise counsel at his usual rate of $600.00 per hour, pursuant to the Criminal Justice Act."

At the July 27, 2006 ex parte conference to discuss the request, the Court told Mr. Cooper that Mr. Sjoblom's $600 per hour fee exceeded the statutory maximum for attorney services under the Criminal Justice Act ("CJA"). See 18 U.S.C. 3006A(d). Mr. Cooper clarified that he wished to utilize Mr. Sjoblom specifically as an "expert," rather than as an additional CJA attorney, thereby avoiding CJA attorney compensation limits. The Court asked Mr. Cooper to submit a letter to the Court by August 4, 2006, citing authority, if any, for appointing a lawyer as an expert under the CJA. August 4, 2006 has come and gone, and no such letter was received.

The Court can find no authority for appointing Mr. Sjoblom as an expert in this case. To the contrary, appointing

Mr. Sjoblom in the capacity requested, would come dangerously close to violating professional ethics rules. See Model Rule of Prof'l Conduct 7.4 (prohibiting attorneys from holding themselves out as specialists in a particular field, subject to limited exception); New York DR 2-105 (same).

Paying Mr. Sjoblom $600 an hour as an expert using precious CJA funds seems disingenuous. Mr. Sjoblom is, in fact, an attorney. Armstrong's defense team does not intend to utilize Mr. Sjoblom as a traditional court expert, but instead wants to secure his advice on legal matters in preparation for trial. Armstrong is amply represented by an able team of four lawyers, one of whom I appointed as a result of the July 27, 2006 conference, and several paralegals. The defense team can more than sufficiently conduct their own legal research and analysis to prepare for trial. They have had years to do so.

Judge McKenna, from whom I received this case, denied an earlier request to appoint Mr. Sjoblom as CJA counsel for Armstrong. United States v. Armstrong, No. 99 Cr. 997 (S.D.N.Y. May 21, 2002). The current application is simply a second bite at the apple. Mr. Cooper's request to retain Mr. Sjoblom is denied.

SO ORDERED.

Dated:   New York, New York
         August 15, 2006

                                 John F. Keenan
                                 _____
                                 JOHN F. KEENAN
                                 United States District Judge

2